IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| LUIS ARMANDO MARTINEZ VELAZQUEZ, | ) | CASE NO.1:20-CV-01383 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is the action under 42 U.S.C. §405(g) and §1383(c)(3) by Luis Armando Martinez-Velazquez seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Martinez-Velazquez's 2018 application for disability insurance benefits and supplemental security income.[2]  Commissioner has filed an answer[3] as well as the transcript of the administrative record.[4] Pursuant to my initial[5] and procedural orders,[6] the parties have briefed their

---

[1] The parties have consented to my exercise of jurisdiction and the matter was then transferred to me by United States District Judge John R. Adams. ECF No. 24.
[2] ECF No. 1.
[3] ECF No. 11.
[4] ECF No. 12.
[5] ECF No. 6.
[6] ECF No. 13.

positions[7] and filed supporting charts and fact sheets.[8] The parties have participated in a telephonic oral argument.[9]

For the reasons that follow, the decision of the Commissioner will be reversed and the matter remanded.

## Facts

The relevant facts are briefly stated. Martinez-Velazquez, who was 30 years old at the time of the hearing, received less than a high school education in Puerto Rico[10] but is able to communicate in English.[11] His past relevant work was as a dough maker.[12]

The ALJ found that Martinez-Velazquez has the following severe impairments: degenerative disc disease, asthma, depressive disorder, and borderline intellectual functioning.[13] The ALJ then further found that Martinez-Velazquez did not have an impairment or combination of impairments that met or medically equaled a listing.[14] In that regard, the ALJ considered: Listing 1.04 (disorders of the spine) in connection with Martinez-Velazquez's degenerative disc disease; Listing 3.03 as regards his asthma; and Listings 12.04, 12.06 and 12.11 in connection with Martinez-Velazquez's mental impairments.[15] As to that final point, the ALJ found that Martinez-Velazquez had moderate limitations in three areas of functioning[16] and mild

---

[7] ECF Nos. 16 (Martinez-Velazquez), 20 (Commissioner), 21 (Martinez-Velazquez reply).
[8] ECF Nos. 16, Attachment 1 (Martinez-Velazquez), ECF No. 20, Attachment (Commissioner).
[9] ECF No. 26.
[10] ECF No. 16, Attachment 1 at 1-2.
[11] ECF No. 12 (transcript) at 25.
[12] *Id*.
[13] *Id*. at 17.
[14] *Id*. at 18.
[15] *Id.*
[16] *Id*. (1) Understanding , remembering and applying information; (2) concentration, persistence and pace; (3) ability to adapt and manage oneself.

limitations in one area.[17]Because Martinez-Velazquez did not have at least two areas of functioning with marked limitations, or one with extreme limitations, the ALJ found that the paragraph B criteria were not met.[18]he also found that because Martinez-Velazquez could shop in stores, drive himself and manage money, the paragraph C criteria were not met.[19]

The ALJ considered 13 functional opinions originating from the period 2007 to May 2019 and submitted by Martinez-Velazquez's treating physician, his counselor, an APRN-CNS,[20]four psychological consultative examiners, two state agency psychological consultants, and two state agency medical consultants.[21]The ALJ found the opinions from the four state agency consultants and the opinions of two of the psychological consultative examiners to be persuasive, while the rest of the opinions were found to be unpersuasive.[22]

From this record, the ALJ determined that Martinez-Velasquez had the following residual functional capacity (RFC):

Light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch or crawl. He must avoid concentrated exposure to fumes, odors, dust, gases and poor ventilation. He can understand, remember and carryout simple instructions in a routine work setting with changes that are explained in advance, respond appropriately to supervisors, coworkers and work situations if the tasks performed are goal-oriented, but not a production rate pace.[23]

---

[17] *Id*. Interacting with others.
[18] *Id*. at 19.
[19] *Id.*
[20] Advanced practice registered nurse/clinical nurse specialist.
[21] Trans.at 22-25.
[22] *Id*.
[23] *Id*. at 19.

After finding that Martinez-Velazquez could perform his past relevant work as a dough maker under the present RFC, the ALJ, with the testimony of a Vocational Expert (VE), also found that Martinez-Velazquez could perform the duties of (1) a small products assembler, (2) a racker and (3) a marker – with jobs available in significant numbers the national economy for all such occupations.[24] Thus, Martinez-Velazquez was found not disabled.[25]

## Analysis

I note initially that this matter is reviewed under the well-established substantial evidence standard, which need not be restated here, while the medical opinions are evaluated under the current standard that addresses the persuasiveness of such evidence.

Martinez-Velazquez raises several issues:

1.      Did the ALJ properly evaluate the evidence for severe impairments and in so doing fail to find persuasive the opinions of treating and examining sources.

2.      Did the ALJ err in discounting Martinez-Velasquez's testimony as to disabling pain.

3.      Did the ALJ err in finding that Martinez-Velasquez could perform his past relevant work as a dough maker.[26]

In particular, Martinez-Velasquez in his reply brief points to two major questions:

---

[24] *Id*. at 25-26. I also note that the ALJ concluded that if the RFC here was for the full range of light work, Martinez-Velazquez would be found disabled under the grid. *Id*.
[25] *Id*.
[26] ECF No. 16 at 1.

(1) whether the ALJ properly found persuasive the physical limitations set forth in 2018 by two state agency reviewers (anesthesiology and hematology) – a recommendation of a light work RFC – while finding unpersuasive the 2019 opinion of Dr. Todd Hochman, an internal medicine and occupational health physician who had been treating Martinez-Velasquez for six years.

(2) whether the ALJ properly considered and characterized the mental limitations of four consulting examining psychologists.[27]

I find that the question of whether the ALJ properly evaluated the opinion of Dr. Hochman is dispositive.

As alluded to above, Dr. Hochman is an internal medicine and occupational medicine physician who began treating Martinez-Velazquez in November 2013 and saw him 34 times over the course of almost six years.[28]Dr. Hochman's records show 25 visits that document Martinez-Velazquez having continuing issues with back pain, swelling, weakness and numbness.[29] They also document a surgery in 2014 that essentially did nothing to relieve Martinez-Velazquez's lower back pain and yielded in 2015 a diagnosis of post-laminectomy syndrome.[30]The treatment record further shows: (1)  a 2016 discussion about the possibility of a spinal cord stimulator, (2) a 2017 recommendation for further surgery that was then reconsidered as well as recommendation for vocational rehabilitation, (3) a 2018 referral to pain management, and (4) a March 2019 note reflecting that Martinez-Velazquez was still in pain and that he was having difficulty with vocational rehab because "too much activity makes things [pain] worse."[31]

---

[27] ECF No. 21 at 1-3.
[28] ECF No. 16, Attachment 2 at 3-4.
[29] *Id*.
[30] *Id*.
[31] *Id*.

On the basis of that treatment history,[32] Dr. Hochman opined in June 2019, *inter alia*, that Martinez-Velazquez could sit for 20 to 30 minutes and stand for 20-30 minutes at a time, with the ability to sit for 2 to 6 hours with breaks as needed.[33] He also stated that Martinez-Velazquez would be absent more than 4 days per month due to his pain producing "good days and bad days."[34]

As stated above, the ALJ found Dr. Hochman's opinion to be "unpersuasive" because "Dr. Hochman does not provide and explanation to [*sic*] these limitations" and because they are inconsistent with objective medical evidence that shows the lumbar spine has only a reduced range of motion and tenderness to palpation on some visits but not others, and that he otherwise had normal sensations, reflexes and motor strength.[35] The ALJ also cited the fact that Martinez-Velazquez "consistently did not appear to be in acute distress."[36]

I observe initially that even though the new regulations eliminate the so-called physician hierarchy of according special deference to the opinion of a treating source,[37] the regulation still requires the ALJ to consider the length and nature of the treating relationship, as well as the frequency of examination.[38] Moreover, the reasoning supplied by the ALJ to support a conclusion as to the persuasiveness of an opinion must be a "coherent explanation" of that finding that allows for meaningful judicial review.[39]

---

[32] In addition to the foregoing notes from his own examinations, Dr. Hochman had the treatment notes from 26 physical/vocational therapy sessions and 6 MRIs from November 2012 to February 2019 – the latter of which showed there was a probable recurrence of disc and tissue damage to the L1 and L2 nerve roots. Tr. at 1654.

[33] Tr. at 1839-42.

[34] *Id*.

[35] *Id*. at 23.

[36] *Id*. at 24.

[37] *Lester v. Saul*, 2020 WL 8093313, at *10 (N.D. Ohio Dec. 11, 2020) (citation omitted).

[38] 20 C.F.R. §404.1520c.

[39] *Lester*, 2020 WL 8093313, at *14.

Here, the Commissioner contends that the ALJ was justified in finding Dr. Hochman's opinion to be unpersuasive because (1) it was given on a check-box form that makes unclear what evidence was used to support it, and (2) the opinion is at odds with generally benign objective clinical findings as to gait and neurological function.[40] The Commissioner further argues in this regard that there was no evidence of radiculopathy or "marked abnormalities" of the lumbar spine to support Dr. Hochman's opinion.

In that regard, I note first that it is not the province of the reviewing court to speculate about evidence that was neither a part of the record nor part of the ALJ's decision. Certainly, the Commissioner cannot add to the reasoning beyond what the ALJ has stated.

Next, in that same vein, the ALJ here only indirectly cited to the check-box nature of Dr. Hochman's opinion by stating that Dr. Hochman did not "provide an explanation to [*sic*] these limitations."[41] That said, the Commissioner contends that, standing alone and apart from any consideration of Dr. Hochman's treatment notes, the check box nature of Dr. Hochman's opinion is what the ALJ meant by his brief comment and that the nature of the opinion's form was sufficient reason to find it unpersuasive.[42]

It is true that form reports from medical sources have been criticized in situations where they are unaccompanied by "some reasonable support for the opinion."[43] The difficulty with an opinion unconnected to support in the record is that such an opinion is impossible to analyze.[44]

---

[40] ECF No. 20 at 14-16.
[41] Tr. at 23.
[42] ECF No. 20 at 15.
[43] *Hernandez v. Commissioner*, 644 Fed. Appx. 468, 4784-75 (6th Cir. 2016) (internal citation omitted).
[44] *Id*. at 474 (citation omitted).

That said, however, as I discussed in *Madrigal v. Commissioner*,[45] devaluing a medical opinion solely on the basis of its form "deflects attention from the real issue, as stated in the regulations, of whether the opinion is well-supported by the clinical evidence and not inconsistent with the other evidence in the record."[46] Moreover, as I also observed in *Madrigal*, a medical source opinion need not contain within itself all the evidence supporting that opinion.[47] The key, as noted above, is whether connection between the opinion and the supporting evidence for the opinion is clear enough to be reviewed.

The ALJ here made no mention of Dr. Hochman's long-standing treating relationship with Martinez-Velasquez, despite the fact that, as noted above, the regulations state that the length and nature of the treatment relationship, as well as the frequency of examination, is to be applied by the ALJ in determining the persuasiveness of an opinion. As such, it is the ALJ's opinion that lacks sufficient clarity and completeness of reasoning to be properly evaluated here.

Moreover, and contrary to the Commissioner's contention that Dr. Hochman's opinion was made unpersuasive because it "at odds" with generally benign findings as to gait and neurological function, there is no necessary logical connection between gait and the ability to sit or stand for an eight-hour workday, or to the fact that Martinez-Velasquez would be absent four days a month due to "good and bad days." Plainly, the type of pain Dr. Hochman's notes document acknowledges that Martinez-Velasquez is capable of some activity before the pain worsens.[48] Thus, asserting that

---

[45] 2016 WL 8607003 (N.D. Ohio Dec. 18, 2016).
[46] *Id*. at *12 (citation omitted).
[47] *Id*. (citation omitted).
[48] See, tr. at 1516 (03/25/19) – "too much activity makes things worse;" at 1517 (11/28/18) – "Still having pain, tried to work but unable to sustain;" at 1307 (01/29/18) – "Tried working, but had difficulty with 40 hours, so more appropriate to start him at 20 hours;" at 577 (08/0717) – "Chronic problems."

Dr. Hochman's opinion is in conflict with the relevant evidence from nearly two years of treatment notes is incorrect.

**Conclusion**

Thus, for the reasons stated, I find that the decision of the Commissioner here is not supported by substantial evidence and so is reversed, with the matter remanded for further proceedings consistent with this opinion. I also find that although the dispositive issue was the treatment of Dr. Hochman's opinion, the ALJ on remand should also consider the other issues raised here that were not adjudicated. My silence should not imply either acceptance of the claimant's position nor rejection.

IT IS SO ORDERED.

Dated : 03/30/22                                         s/William H. Baughman, Jr.

                                                                 United States Magistrate Judge